IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-80155-TJM |
| | ) | |
| CRAIG R. SHORT and | ) | CH. 7 |
| MARY C. SHORT, | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM

Hearing was held in Omaha, Nebraska, on May 5, 2008, on a Motion to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(3) filed by the U.S. Trustee (Fil. #16), and a Resistance filed by Debtors (Fil. #21). Samuel Turco appeared for Debtors, and Jerry L. Jensen appeared for the U.S. Trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

Debtors filed this Chapter 7 proceeding on January 24, 2008. According to the Chapter 7 Statement of Current Monthly Income, Debtors have current monthly income in the amount of $12,385.58 ($148,626.96 annualized). The applicable median family income for Debtors' household size in the State of Nebraska is $75,817.00. The U.S. Trustee acknowledges that the presumption of abuse does not arise in this case. However, the U.S. Trustee argues that the totality of circumstances of Debtors' financial situation demonstrates abuse under 11 U.S.C. § 707(b)(3) As discussed below, I find that the Motion to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(3) (Fil. #16) should be granted.

*Background*

The operative facts in this case are undisputed. Debtors have annualized income of $148,626.96. Debtors have average monthly payments for debts secured by their home in the amount of $3,537.13. Debtors also have a 2007 Chevrolet Suburban and a 2007 Chevrolet Tahoe leased from GMAC, which leases[1] call for monthly payments of $1,261.03 and $544.83, respectively.

Debtors did resist the motion to dismiss, but did not submit any evidence in support of the resistance. According to Debtors' schedules, their home is worth $405,000.00, although its tax-assessed value is only $287,000.00. The home was purchased in October of 1999 for $294,900.00.

---

[1] Debtors' schedules describe the vehicles as leased, and at the hearing, Debtors' counsel described the transactions as leases, but there are reaffirmation agreements on file indicating that Debtors are purchasing the vehicles under retail installment contracts. The vehicle titles and loan or lease paperwork are not in the record.

The secured claims against the residence total approximately $423,000.00. Debtors' schedules further indicate that they have state and federal tax obligations of approximately $90,000.00.

## *Discussion*

11 U.S.C. § 707(b)(1) provides that a court may dismiss a case of an individual debtor whose debts are primarily consumer debts "if it finds that the granting of relief would be an abuse of the provisions of this chapter." 11 U.S.C. § 707(b)(2) outlines the "means test" to determine whether a "presumption of abuse" arises. As indicated previously, the presumption of abuse does not arise in this case. Therefore, the U.S. Trustee has filed the motion to dismiss under § 707(b)(3), which provides in pertinent part as follows:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph[2] does not arise or is rebutted, the court shall consider–
> (A) whether the debtor filed the petition in bad faith; or
> (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

Accordingly, even where the presumption of abuse does not arise under § 707(b)(2), this Court must still determine whether the granting of Chapter 7 relief in this case would constitute an abuse. Section 707(b)(3) provides the standard for such consideration, namely bad faith or the totality of circumstances of Debtors' financial situation

The U.S. Trustee argues that Debtors' mortgage and automobile expenses are excessive and unreasonable. The U.S. Trustee also notes that the 2005 bankruptcy amendments lowered the threshold in § 707(b) from "substantial abuse" to mere "abuse." This Court has continued to look at the reasonableness of secured debt expenses when determining whether a case should be dismissed under the new provisions of 11 U.S.C. § 707(b)(3). *See, e.g., Brenda M. Nissen*, Case No. BK07-80605 (Bankr. D. Neb. Aug. 21, 2007), and *Steven G. Lapke*, Case No. BK07-81140 (Bankr. D. Neb. Mar. 31, 2008).

At the hearing, Debtors' counsel argued that a conversion of this case to Chapter 13 would not result in any payments to unsecured creditors. That may or may not be true, but it is certainly not an issue that can be determined until Debtors propose a plan and the Chapter 13 Trustee and creditors have an opportunity to object. Further, the question for this Court is whether Debtors should be entitled to relief under Chapter 7 while they continue spending over $3,500.00 per month on home mortgage payments for a home that may be worth as little as $287,000.00 and, in any event,

---

[2]Congress apparently meant to refer to subsection (A)(i) of Paragraph (2) because there is no subsection (A)(i) of Paragraph (1).

is worth substantially less than the mortgage debt against it, and also over $1,800.00 per month for two vehicle loans (or leases).

When considering whether the totality of the circumstances of a debtor's financial situation demonstrates abuse, a court should ascertain whether the debtor is

> merely seeking an advantage over his creditors, or instead is "honest," in the sense that his relationship with his creditors has been marked by essentially honorable and undeceptive dealings, and whether he is "needy" in the sense that his financial predicament warrants the discharge of his debts in exchange for liquidation of his assets.

*Haney v. Clippard (In re Haney)*, 2007 WL 781321, at *3 (W.D. Ky. Mar. 9, 2007) (quoting *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 433 (6th Cir. 2004)). In other words, courts have found that "substantial abuse" pre-BAPCPA could be predicated upon either lack of honesty or want of need, and Congress incorporated that construct into § 707(b)(3)(B). *In re Hess*, 2007 WL 3028422, at *2 (Bankr. N.D. Ohio Oct. 15, 2007). In determining whether the totality of the circumstances demonstrates abuse, courts consider a variety of factors, including whether the bankruptcy filing was precipitated by an unseen catastrophic event, such as a sudden illness or unemployment; whether the debtor is eligible for relief under another Chapter; whether there are non-bankruptcy remedies available to the debtor; whether the debtor can obtain relief through private negotiations; whether the debtor's proposed budget is excessive or unreasonable; whether the debtor has a stable source of future income; whether the debtor could provide a meaningful distribution in a Chapter 13 case; and whether the debtors' expenses could be reduced significantly without depriving them and their dependents of necessities. *In re Walker*, ___ B.R. ___, 2008 WL 696659, at *5-6 (Bankr. N.D. Ga. Mar. 5, 2008); *Stapleton v. Walker (In re Walker)*, 381 B.R. 620, 624-25 (Bankr. M.D. Pa. 2008). A debtor's actual ability to pay debts, regardless of the outcome of the means test analysis, is a necessary aspect of the "totality of the circumstances" analysis. *In re Hoffner*, 2007 WL 4868310, at *3 (Bankr. D.N.D. Nov. 21, 2007) (collecting cases). *See also In re Worrel*, 2007 WL 3374593 (Bankr. N.D. Iowa Nov. 9, 2007) (holding that under the totality of circumstances, leasing two expensive vehicles shortly before petition date is abusive); *In re Goodall*, 2007 WL 4868303 (Bankr. D.N.D. Sept. 14, 2007) (holding that under the totality of circumstances, debtor's cell phone expenses were excessive and if reduced would provide funds for a Chapter 13 plan); *In re Hicks*, 370 B.R. 919 (Bankr. E.D. Mo. 2007) (holding that debtor's ability to fund Chapter 13 plan is part of the totality of circumstances consideration); *In re Campbell*, 2007 WL 1376226 (Bankr. N.D. Iowa May 7, 2007) (same); *In re Freis*, 2007 WL 1577752 (Bankr. E.D. Mo. May 18, 2007) (holding that debtor's ability to pay is, in some instances, dispositive of abuse under totality of circumstances test); *In re Delunas*, 207 WL 737763 (Bankr. E.D. Mo. Mar. 6, 2007) (holding that debtors' living expenses for support of adult daughter were an abuse under the totality of the circumstances).

As the above discussion demonstrates, when the presumption of abuse does not arise under 11 U.S.C. § 707(b), there is no "bright line" rule as to whether a debtor's income, housing, automobile, or other expenses are so high that it would be an abuse of the provisions of the Bankruptcy Code to grant Chapter 7 relief. Instead, it is akin to "you'll know it when you see it."

Here, we have Debtors who have income of more than $148,000.00 per year, who are spending over $3,500.00 per month on a home mortgage and over $1,800.00 per month to lease or purchase two new vehicles. Debtors entered into the vehicle leases (purchases) at a time when they were aware that their income had been declining. Their expenses could be reduced significantly without depriving them and their dependents of necessities. With a little belt tightening, they have the ability to pay something to unsecured creditors. Also, this bankruptcy was not precipitated by a catastrophic event. Under the totality of the circumstances, this case is an abuse of the provisions of Chapter 7.

Therefore, I find that the U.S. Trustee's Motion to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(3) (Fil. #16) should be granted.

Separate order to be filed.

DATED: May 8, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Samuel Turco
    *Jerry L. Jensen/U.S. Trustee
    Thomas D. Stalnaker

Movant(*) is responsible for giving notice to other parties if required by rule or statute.